Opinion filed May 21, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00248-CR

_____

## MARLON NAPAUL JAMESON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR41222**

### M E M O R A N D U M   O P I N I O N

Marlon Napaul Jameson appeals the trial court's judgment adjudicating him guilty of the third-degree felony offense of unlawfully carrying a weapon on a licensed premises. We dismiss the appeal.

Pursuant to a plea agreement, Appellant pleaded guilty in August 2013 to the third-degree felony offense of unlawfully carrying a weapon on a licensed premises. The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of two years, and assessed a fine in the amount of $500.

In May 2014, the State filed a motion to proceed to an adjudication of guilt based upon alleged violations—numbered 1 to 14 in the motion—by Appellant of the terms and conditions of his community supervision. At a hearing on the motion, Appellant pleaded "true" to allegations 9, 10, and 12 and "not true" to the other allegations. The State presented evidence that supported many of its allegations, including its allegations that Appellant had committed the offenses of assault and driving while intoxicated. The trial court ordered a presentence investigative report.

After the report was completed, the trial court held a sentencing hearing. The trial court found State's allegations 1 through 3, 5 through 7, and 9 through 13 to be true; it found allegations 4, 8, and 14 to be not true. The trial court adjudicated Appellant guilty of the charged offense, and it assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice for ten years. The trial court suspended imposition of the confinement portion of the sentence and placed Appellant on community supervision for a term of ten years. The trial court ordered Appellant to participate in a Substance Abuse Felony Treatment Facility as a condition of community supervision.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw and the brief and a motion for pro se access to the record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008);

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. A plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Additionally, proof of one violation of the terms and conditions of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

May 21, 2015                                                    PER CURAIM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.